10-294-ag
Kane  v. Holder
BIA
Balasquide, IJ
A095 589 155

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of October, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

MADOU KANE,
> _____*Petitioner*,

> v.                                     **10-294-ag**
>                                        **NAC**
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice**, **Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED, that the petition for review is DENIED.

Madou Kane, a native and citizen of Mauritania, seeks review of a December 28, 2009 order of the BIA affirming the February 11, 2008 decision of Immigration Judge ("IJ")Javier Balasquide, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kane*, No. A095 589 155 (B.I.A. Dec. 28, 2009), *aff'g* No. A095 589 155 (Immig. Ct. N.Y. City Feb. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

As a preliminary matter, we note that we lack jurisdiction to review the IJ's denial of CAT relief,

2

because Kane failed to exhaust this claim before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). As to asylum and withholding of removal, we deny the petition for review, as the agency's adverse credibility determination is supported by substantial evidence.

In finding Kane not credible, the agency reasonably relied in part on inconsistencies between his testimony and his written asylum applications. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003).[*] Kane's testimony conflicted with his written asylum applications with respect to whether he was detained together with his family and whether he was allowed to return home after his detention. When Kane was asked to explain the inconsistencies between his applications and his testimony, he faulted the person who had prepared his applications. Given that his testimony was inconsistent with both his initial and amended asylum applications - prepared five years apart by different individuals - the agency was not required to credit his

---

[*] In Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008), we recognized that the Real ID Act abrogated in part the holding in Secaida-Rosales for cases filed after May 11, 2005, the effective date of the Act. Id. Because Kane's application was filed before this date, Secaida-Rosales remains good law. See Zheng v. Mukasey, 552 F.3d 277, 287 n.6 (2d Cir. 2009).

explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Further, contrary to Kane's argument, the discrepancies the agency relied upon consist of directly contradictory statements, and cannot be explained as mere additional detail. *Cf. Secaida-Rosales*, 331 F.3d at 308-09. Moreover, because these inconsistencies go to the heart of Kane's claim of past persecution, *i.e.*, his arrest and detention in 1989, and were "substantial" when measured against the record as a whole, the agency did not err in relying on the inconsistencies to find him not credible. *See id.; see also Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006).

The agency's adverse credibility determination is further supported by inconsistencies in the documents submitted by Kane, particularly his national identification card, which undermined his claim that he left Mauritania in 1989. Kane argues that the IJ erred in relying on the identification card to find him not credible because, based on his testimony that he did not know how or when the identification card was issued, there was no basis to find that he knowingly submitted a fraudulent document. We have held that an IJ must make an explicit finding that the

4

applicant knowingly submitted a fraudulent document before using that document as the basis for an adverse credibility finding. *See Corovic v. Mukasey*, 519 F.3d 90, 97-98 (2d Cir. 2008). However, Kane misinterprets the IJ's finding, as the IJ did not find that Kane had submitted a fraudulent identification card, but rather, taking the card at face value, found that its date of issuance drew into serious question whether Kane left Mauritania in 1989. The IJ thus did not err in relying on the national identification card as a basis for his adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008).

Kane further argues that the IJ's finding regarding the national identification card is "legally erroneous" because the IJ relied on the card to find Kane incredible, but also stated in his decision that he gave "little or no weight" to the identification card. However, the IJ reasonably determined that, to the extent the identification card was entitled to any weight, it undermined Kane's testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Ultimately, given the inconsistent testimony regarding Kane's arrest and expulsion from Mauritania, and the submission of documents contradicting his testimony

5

regarding his departure from Mauritania, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun*, 510 F.3d at 379-80. Because the record supports the IJ's conclusions, a reasonable fact-finder would not be compelled to conclude to the contrary. See *Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006).

Finally, since the only evidence of a threat to Kane's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk